IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL E. PODHORN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-188-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This cause is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is confined at the Federal Correctional Institution located in Fort Dix, New Jersey (FCI-Fort Dix). He also has filed a motion for leave to proceed *in forma pauperis* (Doc. 3). "If a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the PLRA applies." *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000). Based on the financial information submitted with the motion to proceed *in forma pauperis*, Petitioner's motion (Doc. 3) is **GRANTED.**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that

Petitioner is not entitled to relief, and the petition must be dismissed.

**DISCUSSION**

At the outset, the Court notes that Petitioner is currently confined at FCI-Fort Dix. As noted above, is located in Fort Dix, New Jersey. Fort Dix is located in Burlington County, New Jersey. Burlington County, New Jersey, is within the boundary established for the United States District Court for the District of New Jersey. 28 U.S.C. § 110. Accordingly, neither Petitioner nor his immediate custodian (the warden at FCI-Fort Dix) is located within the geographical boundaries of the Southern District of Illinois.

Congress has provided that a district court may issue a writ of habeas corpus only "within [its] respective jurisdiction." 28 U.S.C. 2241(a). This means that, usually, the named custodian must reside in the geographical confines of the federal district where the habeas petition is filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). There are two exceptions to this rule: (1) that a prisoner serving a state criminal sentence in a state that contains more than one federal district may file in either district, *see* 28 U.S.C. § 2241(d); and (2) that a federal prisoner collaterally attacking his criminal sentence may do so only in the district where the sentence was imposed, *see* 28 U.S.C. § 2255.[1] These exceptions are not relevant here. As such, this Court is unable to issue the writ of habeas corpus requested by Petitioner.

Additionally, the writ of habeas corpus typically is used to completely free an inmate from

---

[1] There is also a judicially-crafted exception created by *Braden v. 30th Jud. Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973). After Braden, "[p]risoners under penal obligation to two jurisdictions may seek collateral relief from both." al-Marri v. Rumsfeld, 360 F.3d 707, 711 (7th Cir.2004) (discussing Braden). This exception is not relevant here.

unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). In the instant case, Petitioner does not seek release from confinement (or transfer to a less secure facility). Instead, he seeks an order directing the warden at FCI-Fort Dix to return his "orthopedic shoes," to be given a wheelchair, and to be housed in a wheelchair accessible cell. These allegations concern the conditions of his confinement, not the fact or duration of confinement. In short, Plaintiff's claims sound in civil rights, not habeas corpus.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, Petitioner is responsible for paying a much higher filing fee. Furthermore, Petitioner might be assessed a "strike" if the Court determined that Petitioner's action (or any portion of it) was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Finally, this Court does not appear to be the proper venue for Plaintiff's civil rights action against the warden at FCI-Fort Dix.

## DISPOSITION

In summary, because this Court cannot grant § 2241 relief to Petitioner and because § 2241 cannot provide Petitioner with any relief based on his allegations, this action is summarily **DISMISSED** without prejudice. Dismissal is without prejudice to allow Petitioner to pursue his condition of confinement claims in an appropriate civil rights action filed in the appropriate court if he so desires. Petitioner's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

**Dated: November 2, 2009.**

                                          **s/ J. Phil Gilbert**
                                          **U. S. District Judge**